# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| SCOTT DEMUTH, ALEXANDER LUNDBERG, CELIA KUTZ, NATHAN CLOUGH, VINCENT COLLURA, and ANDREW FAHLSTROM, | Civil No. 08-5093 (ADM/RLE) |
| Plaintiffs, | |
| v. | |
| ROBERT FLETCHER, INSPECTOR SAMEC, COMMANDER CLARK, COMMANDER SOMMERHAUSE, COUNTY OF RAMSEY, CERTAIN UNKNOWN AND UNNAMED CITY OF SAINT PAUL POLICE OFFICERS, CERTAIN UNKNOWN AND UNNAMED CITY OF MINNEAPOLIS POLICE OFFICERS, and CITY OF MINNEAPOLIS, | **ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** |
| Defendants. | |

Albert Turner Goins, Sr., **GOINS LAW OFFICES, LTD.**, Grain Exchange Building, Suite 378, 301 Fourth Avenue, Minneapolis, MN 55415, and Rick L. Petry, **RICK L. PETRY & ASSOCIATES, P.A.**, 301 4th Avenue South, Suite 378N, Minneapolis, MN 55415, for plaintiffs.

Darwin Lookingbill, Phil Carruthers,  and Heidi Westby, Assistant County Attorneys, **RAMSEY COUNTY ATTORNEY'S OFFICE,** 50 West Kellogg Boulevard, Suite 560, St. Paul, MN 55102, for defendants.

This request for a temporary restraining order arises from seizures of written material from the plaintiffs in the days preceding the start of the Republican National Convention in St. Paul in September 2008.  Plaintiffs are individuals who planned to be

involved in organized protests during the political convention.  The complaint was filed during the evening hours of September 3 and the Court received written submissions and held a hearing early in the morning of September 4, the last scheduled day of the Convention.

Plaintiffs seek an order enjoining the defendant law enforcement officials from prosecuting the plaintiffs on the basis of the seized literature and an order compelling release of most of the copies of the seized written materials.  The Court considered the complaint, the motion, and other written submissions of plaintiffs, in addition to the arguments of the parties and seventeen exhibits introduced at the hearing.  For the reasons set forth below, the Court denies the motion for a temporary restraining order.

## BACKGROUND

Plaintiffs Demuth, Lundberg, Kutz, Clough, Collura, and Fahlstrom are individuals who allege that they seek to disseminate information as part of their exercise of First Amendment rights during the Republican National Convention in St. Paul, Minnesota, from September 1 through September 4, 2008.  At the hearing, plaintiffs represented that they are all joint and collective owners of written and other materials at a site on Smith Avenue in St. Paul and other Twin Cities locations.

The defendants include Robert Fletcher, the Ramsey County Sheriff, a number of named Ramsey County deputy sheriffs, and unnamed St. Paul and Minneapolis Police Officers.  All individual defendants are sued in their individual and official capacities. Ramsey County and the Cities of St. Paul and Minneapolis are also named as defendants.

Search warrants were approved by judges in Ramsey and Hennepin Counties and executed on August 29 and 30.  The following addresses were searched:

627 Smith Avenue South, St. Paul, MN

2301 23rd Avenue South, Minneapolis, MN

3500 Harriet Avenue South, Minneapolis, MN

3240 17th Avenue South, Minneapolis, MN

Pursuant to the warrant, a significant amount of material was seized.  At issue in this case, however, is only written material taken during the search and detailed in the Affidavit of Geneva Finn (Docket No. 7).  Some of the materials constitute plans for demonstrations during the Convention, while much of the material is more general and addresses subjects including conducting effective protests, protecting oneself against harm during demonstrations, and encouraging participation in activities described as "anarchy."

On September 1, the parties negotiated over return of the seized materials and law enforcement agreed to return some of the information taken.  The parties disagree to some extent over what materials were reviewed at that meeting.  On September 2, a motion was brought under Minn. Stat. § 626.21 for return of items seized during the execution of the search warrant.  Ramsey County District Judge Kathleen Gearin denied the motion, finding that the challenged material may be necessary for the criminal cases already filed against eight defendants, some of whom are plaintiffs in this action.

Plaintiffs bring this lawsuit alleging that defendant individuals and entities violated 42 U.S.C. § 1983, by acting under color of law as Minnesota peace officers and

intentionally and recklessly violating plaintiffs' First Amendment rights to engage in speech and assembly; 42 U.S.C. § 1985, by acting with other law enforcement officers as part of a tacit agreement or conspiracy to refuse to vindicate or protect constitutional rights of disfavored persons, referred to as "anarchists" in this case; 42 U.S.C. § 1983, by tacitly or overtly sanctioning, as part of an alleged policy, procedure or custom, the alleged pattern or practice of police misconduct; and 42 U.S.C. § 1986, by failing to prevent such agreement and conspiracy to violate rights under 42 U.S.C. §§ 1983 and 1985.

Plaintiffs allege that the seizure of the protected material has chilled the exercise of their First and Fourteenth Amendment rights to distribute literature, to disseminate ideas, to peacefully assemble, and to redress grievances. Further, plaintiffs Demuth and Lundberg fear prosecution as a result of possession of the protected materials. All plaintiffs claim that the search warrants were not narrowly drawn to avoid the seizure of material protected by the First Amendment.

Plaintiffs now seek a temporary restraining order to enjoin defendants 1) from prosecuting plaintiffs for possession and distribution of political literature, and 2) to release to plaintiffs documents that were seized during execution of the search warrants.

## ANALYSIS

The Court must consider four primary factors in determining whether a temporary restraining order should be granted under Rule 65(b):   1) the threat of irreparable harm to the moving party; 2) the likelihood of the moving party's success on the merits; 3) the

state of balance between the alleged irreparable harm and the harm that granting the temporary restraining order would inflict on the other party; and 4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). This analysis is designed to preserve the status quo until the merits of the case are determined. *Id.*

### A.   Threat of Prosecution

Plaintiffs first request that a temporary restraining order issue to enjoin the defendants from future prosecution of plaintiffs for the possession or distribution of political literature similar to that seized during the searches on August 29 and August 30. Plaintiffs argue that the alleged overreaching by the defendants in seizing pamphlets and written materials during the search has "effectively 'chilled' [plaintiffs'] rights to participate in their First Amendment rights." (Docket No. 1.)

Plaintiffs' request extends beyond the parameters of the Court's equitable power. While state action may be enjoined to preserve First Amendment rights, such injunctions have occurred only in very limited circumstances. Under *Allee v. Medrano*, 416 U.S. 802, 815 (1974), the Court may issue injunctive relief to prevent the threat of continued harassment when there is a pattern of persistent police misconduct in which the plaintiff's First Amendment rights are threatened. The *Allee* Court emphasized, however, that police misconduct must be part of a "persistent pattern" that seeks to limit the constitutional rights of the party seeking the temporary restraining order. *Id.* Notably, "[i]solated incidents of police misconduct under valid statutes would not, of course, be

cause for the exercise of a federal court's equitable powers." *Id.*  In the instant case, plaintiffs merely point to four coordinated events in a two-day period in which police officers seized written materials.  Plaintiffs have not been further impacted, and no pattern of harassment of plaintiffs is established by the record in this case.  Although the validity of the officers' search has been questioned, it was specifically authorized by two state judges, and affirmed by another state court judge, at least in part, after the fact.

More importantly, plaintiffs have failed to demonstrate irreparable harm if the temporary restraining order is not issued.  Plaintiffs rely on *Elrod v. Burns*, 427 U.S. 347, 373 (1976), to argue that deprivations of First Amendment rights "for even minimal periods of time" will lead to irreparable injury.  While defendants' counsel noted at argument that plaintiffs' actions were still subject to review by prosecutors, there seems little threat that plaintiffs would be prosecuted for their possession of these written materials.  Further, a "threat" of future prosecution constitutes only mere possibility of deprivation.  At this time, plaintiffs can show no irreparable harm if injunctive relief is not granted.

If plaintiffs are subject to future prosecutions in which they claim violations of First Amendment rights, they will find appropriate redress in the courts.  To issue a temporary restraining order as requested would simply require enjoining defendants to act within the bounds of the Constitution, a broad request to abide by a clearly understood principle.

## B.    Return of Materials

Plaintiffs also seek injunctive relief to order the defendants to return materials seized on August 29 and 30.   On September 3, 2008, Ramsey County District Judge Kathleen Gearin, in a motion relating to the prosecution of eight individuals for felony conspiracy to riot, issued a decision permitting law enforcement officials to retain the written materials seized.   Judge Gearin  reasoned that the full collection of disputed materials, including multiple copies of some of the documents, should be retained by law enforcement to preserve claims by the criminal defendants that the police officers overreached their authority under the search warrant.

The Court is reluctant to disturb the Minnesota state court decision, even though the Court may not fully agree with the state court's reasoning.  It seems a bit far-fetched to believe that in some cases, hundreds of copies of a document needs to be retained as evidence.  A careful register of the numbers of documents seized seems sufficient, and it is not clear if the defense counsel for the charged individuals has requested that multiple copies be retained.  The Court appreciates the defendants' view that the context of the seizure of documents needs to be fully understood, but fails to appreciate the need for many copies of the documents.  The Court encourages the parties to confer regarding a return of extra copies seized as soon as possible.

However, even if seizure of multiple copies is found unnecessary, the Court will not order an injunction because plaintiffs have failed to demonstrate sufficient irreparable harm.

Plaintiffs have argued that the inability to disseminate the seized materials during the 2008 Republican National Convention will cause irreparable harm to plaintiffs and their associates.  Plaintiffs, however, did not have these materials during the first three days of the Convention – before this case was filed. It is difficult to see how any substantial, additional irreparable harm will be inflicted on plaintiffs if they are without those materials for the final evening of the Convention, particularly in light of the substance of the documents.  Such an initial determination does not preclude the plaintiffs from obtaining a later injunction to release the seized materials or obtaining an award of damages for their seizure.

The Court has received only a sampling of the seized documents and has not had time for a complete review of many pages.  Much of the material seems harmless, but some of it is mixed with material likely to cause great concern to law enforcement seeking to preserve the peace during a national political convention.  Again, the Court encourages the parties to work to achieve a mutual agreement concerning the release of additional seized materials.

The balancing of interests between the First Amendment and the legitimate needs of law enforcement is rarely an easy call.  However, an injunction against prosecution is rarely an appropriate exercise of the Court's power.  Further, the Court is satisfied with the state court's handling of the requested return of documents, particularly in light of defendants' demonstrated willingness to return materials.  Any proven violations of the Constitution can be redressed adequately with money damages.  The Court need not further analyze the remaining *Dataphase* factors.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order [Docket No. 2] is **DENIED**.  The parties should contact Judge Montgomery's chambers to establish a briefing schedule for a preliminary injunction motion.


DATED:  September 4, 2008  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge